H. T. GREENLEAF and others v. BOARD OF COMMISSIONERS OF PASQUOTANK COUNTY.

(Decided October 18, 1898.)

*Bridges, Ferries and Public Roads—Arbitration and Award in Former Action.*

1. Public bridges and ferries are incidental to public roads and are not to be established or assumed, or maintained, as county charges, unless as parts thereof, in actual existence or in contemplation.

2. While county commissioners control public bridges and ferries, it is by virtue of their duties, imposed by law, in regard to public roads

3. It is *ultra vires* for county commissioners to accept a bridge to be maintained at the county's cost, where it appears it is not a part of a public road, in existence or in contemplation of being made—and they may be enjoined from doing so.

4. A former action against a previous board of county commissioners relating to the subject matter of this suit, in which there were an arbitration and award, but no judgment, works no estoppel; nor if there had been a judgment, would it have that effect upon the discretionary powers of their successors legitimately exercised.

CIVIL ACTION brought by H. T. Greenleaf and others, tax-payers of PASQUOTANK County, to enjoin the defendants from accepting a bridge over Knob's Creek and making the maintenance thereof a county charge.

The bridge in question is a part of a private road owned by E. F. Lamb, which leads to his ferry over

GREENLEAF *v.* COMMISSIONERS.

Pasquotank river several miles from the bridge and for the use of which ferry tolls are charged. The bridge was erected by Lamb, and Knob Creek being a navigable stream, it is necessary to maintain a draw in the bridge for the passage of vessels. The bridge was dedicated by Lamb to the county upon condition that its maintenance become a county charge.

The complaint alleges that there was no public road leading to or branching from the ferry road to any other public road in the county; that the acceptance of the bridge as a county charge will impose upon the taxpayers an unnecessary burden; that the bridge is not necessary for the convenience of the public, and would serve no purpose to any one save the owner of the ferry; that several years ago in an action to enjoin the acceptance of this same bridge by the county, the matter was arbitrated and an award made against the county.

The answer, while controverting some of the allegations of the complaint, insisted that by the Constitution and by statute law the board of county commissioners were invested with discretionary powers over the domestic administrative affairs of the county, including roads, bridges, &c., and denies that their action is reviewable by the courts; and it is contended that the former adjudication upon an arbitration and award in 1887 works no estoppel upon the present defendant board of county commissioners.

There was an order to show cause granted by *Norwood, J.,* at CHAMBERS in Elizabeth City on May 14, 1898, which came on to be heard at July Term, 1898, of the Superior Court of PASQUOTANK County, before *Timberlake, J.,* upon affidavits on both sides. His Honor directed the continuance of the restraining order, heretofore granted, until the final hearing—from which rul-

ing the defendant board of county commissioners ap-
pealed to the Supreme Court.

*Messrs. E. F. Aydlett* and *J. W. Ward*, for plain-
tiffs.

*Messrs. S. S. Lamb* and *A. C. Avery*, for defendants
(appellants).

FURCHES, J.: The object of this action is to enjoin
the commissioners of Pasquotank County from accept-
ing a bridge across Knob Creek, and making the main-
tenance thereof a county charge.

One E. F. Lamb is the owner of a ferry across Pas-
quotank River, some two miles or more from this
bridge, which ferry he keeps up and charges tolls for
its use. Said Lamb, for the benefit of his ferry, has
constructed a road from said ferry to this bridge across
Knob Creek, which he has also constructed and main-
tained up to this time as a part of his road. This road
and this bridge are the private property of said Lamb.

Knob Creek is the boundary line of Elizabeth City,
and a street called "Pennsylvania Avenue" runs to the
creek at the point where said bridge is located. Knob
Creek is 100 feet wide and navigable for steamboats and
other vessels, at the point where said bridge spans the
same. So that it is necessary to have and maintain a
draw in said bridge, at a very considerable expense to the
owner thereof. Said Lamb claims the right to prevent
the public from using said road between his bridge and
his ferry, and has in some instances charged parties for
the use of the same.

Said Lamb proposes to donate said bridge to the
County of Pasquotank upon the condition that the
county will maintain and keep the same up as a free
public bridge. The commissioners have agreed to ac-

cept this proposition, and this action is brought by the plaintiff Greenleaf and other citizens and tax-payers to enjoin and prevent the consummation of this agreement.

It is stated in the record and claimed by plaintiffs, as one reason for this injunction, that some ten or more years ago this same proposition was made to the then commissioners; that an action was then brought by certain of the citizens and tax-payers to enjoin the same; that the matter was then arbitrated and an award made against the county. But there was never any judgment upon said award.

We do not see how this former action and award cut any figure in this action. There was no judgment, and for that reason it cannot be an estoppel. And if there had been a judgment, we cannot see how it amounted to an estoppel against the present board of commissioners, acting in their legislative and discretionary capacity, if they are so acting. And this is the only question that remains for our consideration.

Is it within the discretionary power of the commissioners to accept this bridge and make its maintenance a county charge? If it is, then this Court has no right to control or interfere with their action. *Brodnax* v. *Groom*, 64 N. C., 244; *Long* v. *Commissioners*, 76 N. C., 273; *Burwell* v. *Commissioners*, 93 N. C., 73.

The county commissioners may establish roads and ferries. *Code*, Section 2014. They may also discontinue roads and ferries. *Code*, Section 2038, and fix and regulate the tolls of ferries and bridges. *Code*, Section 2046. But the establishment of ferries and bridges must be considered as a part of the system of *public* roads, and, when established, become a part of the pub-

123—3

lic road—the public highway. They are constructed at
the expense of the public, and for the benefit and con-
venience of the public. . They must go somewhere, to
be a convenience or a benefit to the public. It could not
be considered a public benefit to cross this bridge to
Lamb's side of Knob Creek, and back. If the road from
this bridge to Lamb's ferry was a public road, and this
bridge was to make a part of the public highway (free
to all goers and comers) from Elizabeth City to Lamb's
Ferry, it would then be a matter within the discretion-
ary power of the commissioners, over which this Court
would have no control. *Brodnax* v. *Groom*, and other
cases cited, *supra.*

But as it is the action of the commissioners, in ac-
cepting this bridge and making it a county charge (if
they were to do so) would be *ultra vires* and cannot be
allowed. There must be a public road, leading to a
public bridge, and the bridge must constitute a part of
that public road.

We are not unmindful of the fact that it is stated in
*Brodnax* v. *Groom*, *supra*, that the bridge under discus-
sion in that case is said to be a mile from the old bridge,
and at a point to which there was no public road lead-
ing. But it is manifest from what is said in the opin-
ion of the Court, that this change was made to get a
better location for the bridge, to which the road was to
be changed. And the bridge when built was to consti-
tute a part of the public highway.

The defendants have the same power to accept this
bridge and make it a public charge that they would have
to erect a new bridge at that point, if there was no
bridge there, but no more.

It was said in the argument that Lamb threatened to
close this bridge and to build another, above the point of

navigation, on Knob Creek. This he may do, as it is his private property   But he may not have entire control of the situation.   He is exercising a franchise, in operating his ferry and taking tolls, over which the commissioners have control.   And it may be, if he is disposed to act ugly about the matter, that the commissioners may discontinue his ferry.   But this is not the matter before us on this appeal, and is only noticed because it was a matter that entered into the discussion on the argument of the case.   The judgment is affirmed.

Affirmed.